IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2067-F

| | | |
|---|---|---|
| DAVID HAROLD JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH B. HALL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter arises from the petition for writ of habeas corpus [DE-1], pursuant to 28 U.S.C. § 2254, filed by Petitioner, a state prisoner proceeding pro se. Presently before the court is Respondent's motion for summary judgment [DE-7]. For the following reasons, Respondent's motion for summary judgment [DE-7] is ALLOWED, and the petition is DISMISSED.

## I. Background

On February 22, 2012, in the Superior Court of Johnston County, Petitioner was convicted after a trial by jury of two counts of trafficking in heroin, two counts of trafficking in cocaine, one count of possession of marijuana, one count of possession of drug paraphernalia, and one count of resisting a public officer. Pet. [DE-1], p. 1. The two trafficking in heroin offenses were consolidated into one judgment, for which Petitioner was sentenced to a term of incarceration of 225 to 279 months. Id. The remaining offenses were consolidated into a second judgment, for which Petitioner was sentenced to a term of incarceration of 35 to 42 months, beginning at the expiration of the sentence on the first judgment. Resp't. Ex. 1 [DE-8-2], p. 48. Petitioner filed a direct appeal with the assistance of counsel, and on February 5, 2013, the North Carolina Court of Appeals found no error

in Petitioner's conviction or sentence. State v. Johnson, 737 S.E.2d 442 (N.C. Ct. App. 2013).

Petitioner filed a pro se Motion for Appropriate Relief ("MAR") in the Supreme Court of North Carolina on February 20, 2013, alleging he had "been a victim of racial profiling." Resp't. Ex. 4 [DE-8-5], p. 2. Petitioner's MAR was dismissed on March 7, 2013. Pet'r. Ex. [DE-1-1], p. 2. Petitioner filed a pro se petition for a writ of mandamus in the Supreme Court of North Carolina on August 1, 2013, and a pro se petition for a writ of mandamus in the North Carolina Court of Appeals on June 18, 2014. Resp't. Ex. 5 [DE-8-6]; Resp't. Ex. 7 [DE-8-8]. Both petitions were denied. Resp't. Ex. 6 [DE-8-7]; Resp't. Ex. 9 [DE-8-10].

The instant petition was filed on March 25, 2013 [DE-1]. This court concluded that the amended petition survived initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts on September 10, 2014 [DE-4] and instructed the Clerk of Court to maintain management of the matter. Respondent filed the instant motion for summary judgment on October 20, 2014 [DE-7], and, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), the court notified Petitioner about the motion for summary judgment, the consequences of failing to respond, and the response deadline [DE-9]. Petitioner filed two timely responses [DE-10, 11], and the matter is now ripe for adjudication.

## II. Motion for summary judgment

### A.  Standard of review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and

2

demonstrating an absence of a genuine issue of material fact. Celotex Corp, 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Because Petitioner's claim was decided on the merits in the state court, the court's review is governed by 28 U.S.C. § 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104, 132, 110 Stat. 1214 (1996). Section 2254(d) provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrase "'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decisions." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable

3

facts." Id. at 412-13. A state court decision "involve[s] an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Likewise, under § 2254(d)(2), "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010); see also Winston v. Kelly, 592 F.3d 535, 554 (4th Cir. 2010) ("For a state court's factual determination to be unreasonable under § 2254(d)(2), it must be more than merely incorrect or erroneous. It must be sufficiently against the weight of the evidence that it is objectively unreasonable.") (citing Schriro v. Landrigan, 550 U.S. 465, 474 (2007)). Thus, while "deference [in the habeas context] does not imply abandonment or abdication of judicial review" and does not "preclude relief," Miller-El v. Cockrell, 537 U.S. 322, 340 (2003), the deferential standard imposed by § 2254(d), as to both legal conclusions and factual determinations by the state courts, erects a substantial bar for state inmates seeking habeas relief in federal court.[1]

---

[1] To this end, the Supreme Court has noted:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no probability fairminded jurists could disagree that the
> (continued...)

4

The statute "does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one." Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000). If the state court did not articulate the rationale underlying its adjudication, a federal habeas court must examine the record and the clearly established Supreme Court precedent to determine whether the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law. Id. at 158. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 562 U.S. at 99. Finally, the factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Fisher v. Lee, 215 F.3d 438, 445 (4th Cir. 2000).

## B. Discussion

Petitioner asserts a single ground for relief, contending that "was [the] victim of racial profil[ing]." Pet. [DE-1], p. 5. In support of this claim, Petitioner states the following facts:

Petitioner passed Officer Hicks parked on [a] grass median on Highway Int. 40 and

---

[1](...continued)
    state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, 562 U.S. 86, 102-03 (2011).

5

> 95. Hicks immediately got on highway and pulled Petitioner over. Caucasian Officer Hicks testified African-American Petitioner was not speeding. Petitioner was eating fried chicken while driving. Video shows Hicks picking up object from ground. No finger print evidence presented. No video showing Petitioner possessing illegal drugs.

Pet. [DE-1], p. 5.

These allegations are too conclusory to warrant relief, and could be dismissed for that reason alone. See Jones v. Polk, 401 F.3d 257, 269–70 (4th Cir. 2005) (holding that speculative and vague allegations will not support habeas claim in federal court or justify the holding of an evidentiary hearing); Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987) (stating that "a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim" and conclusory statements are insufficient); Harding v. Summers, No. 5:13-HC-2239-BO, 2014 WL 6884255, at *8 (E.D.N.C. Dec. 4, 2014) appeal dismissed, 601 F. App'x 237 (4th Cir. 2015).

Moreover, Petitioner's claim fails on the merits. The Fourth Circuit has recognized that "although an officer's 'motive[ ] for stopping an automobile that was violating traffic laws is irrelevant to the legitimacy of the stop under a Fourth Amendment analysis, . . . racially motivated law enforcement can violate the equal protection component of the Fifth Amendment's Due Process Clause.'" United States v. Hammond, 353 Fed. Appx. 877, 879 (4th Cir. 2009) (quoting United States v. Bullock, 94 F.3d 896, 899 (4th Cir. 1996)); see also United States v. Suarez, 321 F. App'x. 302, 305 (2009) ("Allegations of racially motivated law enforcement implicate the Equal Protection Clause rather than the Fourth Amendment."). "[T]o prevail on an equal protection claim in the racial profiling context, the Plaintiff would have to show that the challenged law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose." Wallace v. Johnston, No. 9:05–cv–2950–MBS, 2007 WL 1068477, *13 (D.S.C. March 30, 2007) (citing Bradley v. United

6

States, 299 F.3d 197, 205 (3d Cir.2002)). "To prove discriminatory effect, Plaintiff must show that he is a member of the protected class and that 'similarly situated' persons in an unprotected class were not stopped and/or prosecuted for motor vehicle violations. In other words, to establish discriminatory effect, an African–American claimant must demonstrate that a law or regulation was enforced against him, but not against similarly situated individuals of other races." Id. (citing Bradley, 299 F.3d at 205; United States v. Armstrong, 517 U.S. 456, 465 (1996); Chavez v. Ill. State Police, 251 F.3d 612, 636 (7th Cir. 2001); United States v. Hayes, 236 F.3d 891, 895 (7th Cir. 2001)). "The standard for establishing a selective enforcement claim is 'demanding' and requires evidence that clearly contradicts the presumption that officers have not violated equal protection." United States v. Suarez, 321 F. App'x. 302, 305 (2009) (citing Armstrong, 517 U.S. at 463–65).

In denying Petitioner's appeal, the North Carolina Court of Appeals summarized the facts as follows:

> On 15 June 2011, defendant was traveling south on I–95 in Johnston County. Trooper Michael Hicks with the North Carolina Highway Patrol observed defendant's car following the car in front of him too closely and saw defendant hold up a cell phone without putting it to his ear. Trooper Hicks pulled defendant over for following too closely and texting while driving. When he approached defendant's vehicle he noticed the strong odor of marijuana coming from defendant's vehicle. Trooper Hicks asked defendant to step out and sit in the front passenger seat of his patrol car.
>
> Trooper Hicks asked if he could frisk defendant for weapons and defendant agreed. In the course of his frisk, Trooper Hicks did not find anything that appeared to be a weapon, though he felt a blunt object in the inseam of defendant's pants. After the frisk, defendant sat in the front seat of Trooper Hicks's patrol car while Trooper Hicks ran defendant's license information. While in the patrol car, Trooper Hicks still smelled a strong odor of marijuana coming from defendant.
>
> Trooper Hicks advised defendant that he had noticed the strong odor of marijuana both on defendant and in defendant's car. Defendant gave Trooper Hicks permission to search his pockets and his car. In his initial search, Trooper Hicks found nothing

7

in defendant's pockets and found only some receipts, a parking ticket, a scale of the type typically used by drug dealers, and an open package of boxer briefs in the trunk. A K–9 unit arrived with a dog trained in drug detection. The troopers ran the dog through the car and he alerted to the odor of contraband in the car's trunk and on the driver's seat.

Trooper Hicks proceeded to search defendant's person, but found nothing in defendant's outer clothing. Trooper Hicks then placed defendant on the side of his vehicle, so that the vehicle was between defendant and the travelled portion of the highway. Other troopers stood around defendant to prevent passers-by from seeing him. Trooper Hicks then pulled the front waistband of defendant's pants away from his body and looked inside. Defendant was wearing two pairs of underwear-an outer pair of boxer briefs and an inner pair of athletic compression shorts. Between the two pairs of underwear Trooper Hicks discovered a cellophane package containing several smaller packages. When Trooper Hicks saw the package, defendant turned, hit another trooper in the face and fled for the nearby woods. The troopers quickly apprehended defendant. Trooper Hicks cut open the package and found that the smaller packages contained a green, leafy substance that, in his opinion, was marijuana; a tan, rock-like substance, later identified by chemical testing to be heroin; and a white powdery substance later identified by chemical testing to be cocaine.

Defendant moved to dismiss all charges against him. The trial court granted defendant's motion as to driving without a license, but denied his motion as to all other charges. The jury found defendant not guilty of assaulting a government officer and guilty of the remaining offenses. Defendant was sentenced to 225–279 months confinement in the Division of Adult Correction for trafficking in heroin, and a consecutive sentence of 35–42 months confinement for trafficking in cocaine, possession of marijuana, resisting a public officer, and possession of drug paraphernalia. Defendant gave notice of appeal in open court.

Id. at 444-45.

Furthermore, on January 30, 2012, the judge presiding over Petitioner's trial conducted a suppression hearing. Resp't. Ex. 10 [DE-8-11].[2] During the hearing, Trooper Hicks testified that in

---

[2] To the extent Petitioner is attempting to challenge an allegedly unconstitutional search and seizure, the law concerning Fourth Amendment claims in federal habeas corpus proceedings is well established. Specifically "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his
(continued...)

8

addition to following too closely and texting while driving, Petitioner was also speeding. Id. at pp. 9-10. Furthermore, Petitioner testified during the suppression hearing that he gave Trooper Hicks permission to conduct a pat-down search, allowed Trooper Hicks to search his shoes, and consented to the search of the rental car that he was driving. Id. at pp. 93-95. Based on this record, Petitioner's conclusory assertions are insufficient to establish that similarly situated persons outside his protected class would not have been stopped under the same circumstances. Accordingly, Respondent is entitled to summary judgment.

### III. Certificate of Appealability

Having determined that Respondents are entitled to summary judgment, the court must now consider whether Petitioner is entitled to a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El, 537 U.S. at 336-38; Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the petition in light of the applicable standards, the court finds that

---

²(...continued)
trial." Stone v. Powell, 428 U.S. 465, 494 (1976) (footnotes omitted). The record reveals that Petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claim, and, therefore, any potential Fourth Amendment claim is barred from consideration here. Moore v. Green, No. CIV.A. RDB-14-579, 2015 WL 2227692, at *5 (D. Md. May 7, 2015).

9

reasonable jurists would not find the court's treatment of the petition debatable or wrong and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a certificate of appealability.

## IV. Conclusion

For the foregoing reasons, Respondent's motion for summary judgment [DE-7] is ALLOWED, and the petition is DISMISSED. The court DENIES a certificate of appealability, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 22' day of July, 2015.

*James C Fox*
JAMES C. FOX
Senior United States District Judge